IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS W. LANG,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>CHARLES HARRISON, Warden, *et al*,<br><br>　　　　　　Respondents. | No. 2:05-cv-00063-JKS-GGH<br><br>ORDER |

　　　　Petitioner, a state prisoner proceeding *pro se*, filed an application for a writ of habeas corpus under 28 U.S.C. § 2254.  Subsequently, counsel was appointed and an amended petition filed.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

　　　　On March 4, 2008, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  Petitioner has filed objections to the Findings and Recommendations.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

　　　　Petitioner's objection is that the Magistrate Judge erred in determining that the California Court of Appeal decision affirming Petitioner's conviction despite an alleged insufficiency of the evidence to support a finding of guilt beyond a reasonable doubt was not an unreasonable application of clearly established Supreme Court authority.  The constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to

the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original). This Court must, therefore, determine whether the decisions by the California courts on the merits unreasonably applied *Jackson*. Where, as in this case, the question is one of credibility, the finding of the jury carries the day. *See Schup v. Delo*, 513 U.S. 298, 330 (1995); *Bruce v Terhune*, 376 F.3d 950, 957 (9th Cir. 2004).

      Petitioner misperceives the role of a federal court in a habeas proceeding challenging a state-court conviction. This Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses. Under *Jackson*, the role of this Court is to simply determine whether there is any evidence, if accepted as credible by the jury, sufficient to sustain conviction. That such evidence exists is clearly established by the record in this case. Petitioner bears the burden of establishing by clear and convincing evidence that the factual findings of the jury were erroneous; a burden Petitioner has failed to carry. This Court must also be ever mindful of the deference owed to the trier of fact and the sharply limited nature of constitutional sufficiency review. *Juan H. v. Allen*, 406 F.3d 1262, 1275 (9th Cir. 2005).

      Petitioner's objection is similar to the argument presented to and rejected by the California Court of Appeal. Petitioner argues that, the finding of the trial court that the testimony of the correctional officer was credible notwithstanding, it would have been "impossible" for the correctional officer to have seen the contraband. Petitioner refers to certain facts in evidence, *e.g*., cell floor was very dirty and grungy, the area was dimly lit, and the inmates and correctional officers had just entered from broad daylight. In particular, Petitioner focuses on the juxtaposition of the correctional officer and Petitioner at the time the contraband was discovered and that the object could not be seen once the door was closed. First, Petitioner assumes or speculates, that Petitioner must have been standing between the correctional officer and the contraband, but points to no evidence in the record to support that assumption or speculation. Second, Petitioner argues that because the bottom of the door is solid, it would have been impossible for the correctional officer to have seen the contraband. Petitioner's arguments overlooks evidence in the record, which the trial court found credible, that the contraband was found *after* the door was opened and Petitioner asked to step back. Moreover, as the Magistrate

Judge found, Petitioner's trial testimony, which the trial court found not to be credible, was impeached by testimony from his disciplinary hearing that the door was opened and he had been asked what was on the ground. Credibility determinations are the sole province of the trier of fact, either the judge in a bench trial as in this case, or the jury. *See Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995).

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Findings and Recommendations filed March 4, 2008, are adopted in full;
2. The application for a writ of habeas corpus is DENIED; and
3. The Clerk of the Court to enter final judgment accordingly.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted). All federal constitutional issues properly raised in the petition were either addressed by the California Court of Appeal in its decision or deemed addressed by the California Supreme Court in denying Petitioner's petition for review before that court and no reasonable jurist could find that those decisions were "objectively unreasonable." Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Dated: April 30, 2008.

                                                s/ James K. Singleton, Jr.
                                                JAMES K. SINGLETON, JR.
                                                United States District Judge